UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY WILKERSON, | |
| Plaintiff, | **ORDER** |
| -against- | 25-CV-02036 (PMH) |
| DUNKEZ PRIVATE HOME CARE INC., et al., | |
| Defendants. | |

PHILIP M. HALPERN, United States District Judge:

Plaintiff Tiffany Wilkerson commenced this action by filing a complaint on March 11, 2025. (Doc. 1). Plaintiff filed an amended complaint on March 14, 2025. (Doc. 9, "Am. Compl."). Plaintiff asserts claims against Defendant Dunkez Private Home Care Inc. ("Defendant") for: (1) discrimination pursuant to 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); (2) retaliation pursuant to Title VII; (3) discrimination pursuant to the New York State Executive Law §§ 296 *et seq.* ("NYSHRL"); (4) retaliation pursuant to the NYSHRL; (5) discrimination pursuant to the New York City Administrative Code §§ 8-107 *et seq.* ("NYCHRL"); (6) retaliation pursuant to the NYCHRL; (7) retaliation pursuant to the Federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA"); (8) retaliation pursuant to the New York False Claims Act, N.Y. State Fin. Law §§ 187 *et seq.*; and (8) retaliation pursuant to N.Y. Comp. Codes R. & Regs. Tit. 12 § 146-1.6 ("NYLL"). (Am. Compl. ¶¶ 78-97, 104-112, 119-133).

Plaintiff moved, by order to show cause, for default judgment against Defendant on liability only.[1] Defendant did not respond to the order to show cause, and has not appeared in this action.

---

[1] Plaintiff, on November 17, 2025, voluntarily dismissed Defendants Casey Dunkez, Harold Dunkez, and Kate Dunkez from this action, (Doc. 38), leaving Defendant Dunkez Private Home Care Inc. as the sole remaining defendant.

The Court has reviewed Plaintiff Tiffany Wilkerson's proposed default judgment and the documents upon which it is based. (Docs. 40-43, 45). In evaluating a motion for default judgment, "a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. Rav Investigative & Sec. Servs.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). The district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (alterations in original) (quoting *Finkel*, 577 F.3d at 84)).

The Court declines to enter default judgment on Plaintiff's NYCHRL claims. "The NYCHRL is intended to cover people 'who work in the city'" and "inhabitants" of New York City. *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182 (2d Cir. 2016) (quoting *Hoffman v. Parade Publ'ns*, 933 N.E.2d 744, 746 (N.Y. 2010)); *see also Daly v. Westchester Cty. Bd. of Legislators*, No. 19-CV-04642, 2021 WL 229672, at *13 (S.D.N.Y. Jan. 22, 2021) ("[T]he *New York City Human Rights Law* applies only 'to acts that occur within the boundaries of New York City.'" (quoting *Fried v. LVI Servs., Inc.*, No. 10-CV-09308, 2011 WL 4633985, at *12 (S.D.N.Y. Oct. 4, 2011)). Plaintiff does not allege that she is a resident of New York City, worked in New York City, or that any acts relevant to her claims occurred in New York City. (*See* Am. Compl.). Accordingly, Plaintiff has failed to establish Defendant's liability for her NYCHRL claims as a matter of law.

The Court, however, does find that Plaintiff has met her burden with respect to her Title VII, NYSHRL, FCA, NYFCA, and NYLL claims. Accordingly, default judgment shall be entered against Defendant as to liability only for Plaintiff's Title VII, NYSHRL, FCA, NYFCA, and NYLL claims (the first, second, third, fourth, ninth, tenth, and eleventh claims for relief in the Amended Complaint), which will be separately docketed.

**SO ORDERED.**

Dated:   April 30, 2026
        White Plains, New York

_____
HON. PHILIP M. HALPERN
United States District Judge